IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES THOMPSON, individually and on behalf of others similarly situated, | ) ) ) | Case No. 1:17-cv-03607 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| AT&T CORP., | ) ) | **Jury Trial Demanded** |
| Defendant. | ) | |

## COMPLAINT – CLASS ACTION

1. Plaintiff James Thompson brings this action against Defendant AT&T Corp. ("AT&T"), to secure redress for Defendant's practice of calling the cellular telephone numbers of Plaintiff and others using an automatic telephone dialing system and prerecorded voice, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### INTRODUCTION

2. Advancements in telephone dialing technology by the 1980s and 90s made reaching a large number of consumers by telephone easier and more cost-effective. However, this technology has also brought with it an onslaught of unsolicited robocalls, spam text messages, and junk faxes that intrude on individual privacy and waste consumer time and money. As a result, the federal government and numerous states have enacted legislation to combat these widespread telemarketing abuses. As Congress recognized:

> Many customers are outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers…. Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Pub. L. No. 102-243, 105 Stat. 2394 § 2(6, 12) (1991).

3. As is relevant here, federal law under the TCPA prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides for injunctive relief and the greater of actual damages or $500 per violation, which can be trebled where the statute was "willfully or knowingly" violated. 47 U.S.C. § 227(b)(3).

4. Defendant AT&T caused multiple, unsolicited, automated calls to be made to Plaintiff's cell phone, and Plaintiff files this class action complaint on behalf of himself and others similarly situated, seeking relief from Defendant's illegal calling practices.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims v. Arrow Financial Services, Inc.*, 132 S. Ct. 740 (2012).

6. The Court has personal jurisdiction over Defendant and venue is appropriate in this District under 28 U.S.C. § 1391(a) because AT&T does business in this District, made the calls that are the subject of this lawsuit to Plaintiff and others in this District, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

## PARTIES

7. Plaintiff James Thompson is a natural person who resides in this District.

8. Defendant AT&T Corp. is a corporation headquartered at One AT&T Way, Bedminster, New Jersey 07921. AT&T's registered agent in this District is located at CT

Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

## FACTS

9. Within the four years prior to the filing of this action, Defendant caused autodialed and prerecorded-voice calls to be made to the cell phones of Plaintiff and other consumers, without the prior express consent of the called party.

10. On information and belief, the equipment used to call Plaintiff and others not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator (and to dial such numbers), but was programmed to sequentially or randomly access stored telephone numbers to automatically call such numbers. These calls were made with equipment capable of dialing numerous phone numbers in a short period of time without human intervention, as part of an automated process.

11. On information and belief, AT&T used an Aspect Unified IP dialing system to make the calls to Plaintiff and the class. Aspect Unified IP dialing systems are automatic telephone dialing systems under the TCPA.

12. Many of the people to whom Defendant made or caused to be made autodialed or prerecorded-voice calls never expressly consented to receive such calls, or expressly told AT&T not to call their phones, including Plaintiff.

13. On information and belief, many of these individuals were sent more than one call, and Defendant lacks an adequate system for preventing autodialed or prerecorded-voice calls to phones for which it does not have consent.

14. AT&T made these calls to Plaintiff and the other members of the class defined below intentionally. AT&T has been well aware of the TCPA's prohibitions against use of autodialers in calls to consumers, but made the business decision to make these calls, anyway.

15. Indeed, eleven years ago, AT&T's corporate parent, AT&T Inc., submitted comments to the Federal Communications Commission ("FCC"), encouraging the FCC to clarify it and other carriers' permissible use of autodialers. *See* Reply Comments of AT&T Inc., *In re ACA Int'l Pet. for an Expedited Clarification and Declaratory Ruling*, CG Docket No. 02-278 (FCC filed May 2, 2006) (available at https://ecfsapi.fcc.gov/file/6518336581.pdf) (last accessed May 12, 2017).

### Facts Relating to Plaintiff

16. Plaintiff has received multiple calls to his cellular telephone from Defendant. Most of these calls are believed to have happened in June through September 2016, although there very well may have been calls before and after that period.

17. When Plaintiff answered some of these calls, a prerecorded message played, which indicated that the calls were from AT&T.

18. The AT&T calls to the cell phones of Plaintiff and others were made using an automatic telephone dialing system ("autodialer") under the TCPA. The equipment had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. In other words, no human being physically dialed each digit of Plaintiff's and the other class members' telephone numbers to call their phones—the calls were made using equipment with the capacity to dial a large number of phone numbers in a short period of time, without human intervention. The equipment used to call Plaintiff and the other class members sequentially or randomly accessed their stored telephone numbers, and automatically called them.

19. On information and belief, these calls were made using an Aspect Unified IP dialer.

20. AT&T did not have permission or consent to make the calls.

21. AT&T knew it did not have Plaintiff's consent to make some or all of these calls. Plaintiff specifically told Defendant not to make such calls to his phone number, including during a call on or about July 18, 2016. Nevertheless, AT&T continued to cause these calls to be made to Plaintiff.

22. AT&T's business model is to knowingly use an autodialer to call cellular telephones it knows it does not have consent to call, and to hide behind an arbitration clause when challenged in court.

23. Upon information and belief, AT&T already keeps records and data from which it can determine which autodialed calls it made without consent, but has elected not to engage such to prevent TCPA violations for business reasons.

24. Plaintiff and the class have been damaged by Defendant's calls. Their privacy was improperly invaded, Defendant's calls temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the calls. Defendant's calls were annoying and a nuisance, and wasted the time of Plaintiff and the class. *See, e.g., Mims v. Arrow Fin. Servs., Inc.*, 132 S. Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls).

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227

25. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

26. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone

number assigned to a … cellular telephone service….." 47 U.S.C. § 227(b)(1)(A)(iii).

27. Defendant initiated or caused to be initiated calls to the cellular telephone numbers of Plaintiff and the other members of the class defined below using an automatic telephone dialing system, as well as with an artificial or prerecorded voice.

28. These calls were made without regard to whether or not Defendant had previously obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the class when the calls were made.

29. These calls were willful or knowing.

30. AT&T violated the TCPA by making non-emergency calls to the cell phones of Plaintiff and others using an automatic telephone dialing system or an artificial or prerecorded voice, without prior express consent.

31. Upon information and belief, some of the calls to Plaintiff and the class were made by vendors of AT&T. AT&T is liable for those calls, too.

32. As a result of Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the other members of the class were harmed and are each entitled to a minimum of $500 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. 47 U.S.C. § 227(b)(3).

33. Because AT&T knew or should have known that Plaintiff and the other members of the class had not given prior express consent to receive its automated calls to their cell phones—and/or willfully caused automated calls to be made to the cell phones of Plaintiff and the other members of the class without prior express consent—the Court should treble the amount of statutory damages available to Plaintiff and the other members of the class, pursuant

to Section 227(b)(3) of the TCPA.

## Class Allegations

34. Plaintiff brings this action on behalf of a class consisting of:

All persons in the United States whose cellular telephone number, on or after four years prior to the filing of this action, AT&T or someone on its behalf called using the same or similar dialing system used to call Plaintiff, where such calling occurred without the person's permission.

35. Upon information and belief, in the four years prior to the filing of this action, there were more than 100 persons whose cell phone number AT&T or a third-party on its behalf called without permission using the same equipment used to call Plaintiff.

36. Common questions of law or fact exist as to all members of the class, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the class include but are not limited to:

    a. Whether the calls to Plaintiff and the class were made using an "automatic telephone dialing system" as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

    b. Whether the calls to Plaintiff and the class were made using a prerecorded message as such term is defined or understood under the TCPA and applicable FCC regulations and orders

    c. Whether AT&T had prior express consent to the cell phone numbers of Plaintiff and the other members of the class; and

    d. Damages, including whether any violations were performed willfully or knowingly such that Plaintiff and the other members of the class are entitled to treble damages under 47 U.S.C. § 227(b)(3).

37. Plaintiff's claims are typical of the claims of the other members of the class. The

factual and legal bases of AT&T's liability to Plaintiff and the other members of the class are the same: AT&T violated the TCPA by causing automated calls to be made to the cellular telephone number of each member of the class, without permission.

38. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and he has retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

39. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail. There are, on information and belief, thousands of class members, such that joinder of all members is impracticable.

40. No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

41. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

42. The identity of the class is, on information and belief, readily identifiable from

Defendant's records.

WHEREFORE, Plaintiff James Thompson, individually and on behalf of the class, respectfully requests that the Court enter judgment against Defendant for:

    A.    Certification of the class as alleged herein;

    B.    A declaration that AT&T violated the TCPA as to Plaintiff and the class;

    C.    Injunctive relief aimed at ensuring the prevention of AT&T from violating the TCPA in the future, including:

        1.    Requiring AT&T to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and (b) audit no less than 10% of AT&T's outbound calls to ensure that AT&T had consent and that the consumer had not previously asked that calls stop, and (c) report the results of the above investigations to the Court and Plaintiff's counsel on a quarterly basis.

        2.    Requiring AT&T to include an automated IVR opt-out mechanism at the beginning of any and all prerecorded calls;

    D.    Attorneys' fees and costs, as permitted by law; and

    E.    Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

- 10 -

                                                  Respectfully submitted,

Dated: May 12, 2017                    JAMES THOMPSON, individually and
                                                  on behalf of others similarly situated

                                                  By:  /s/ Alexander H. Burke

Alexander H. Burke
Daniel J. Marovitch
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

*Counsel for Plaintiff*